IN THE MATTER OF JAMES LOGAN, JR.,
CHARGED WITH CONTEMPT.

Argued September 9, 1968—Decided October 7, 1968.

*Mr. Martin L. Haines* argued the cause for appellant (*Messrs. Dimon, Haines and Bunting,* attorneys).

*Mr. Stephen Skillman,* Deputy Attorney General, argued the cause for Attorney General of New Jersey, *amicus curiae* (*Mr. Arthur J. Sills,* Attorney General of New Jersey).

The opinion of the court was delivered

PER CURIAM.   Defendant, Logan, a member of our Bar, was convicted of contempt of court and fined. We certified his appeal before it was heard by the Appellate Division.

The alleged offense occurred at the trial of a murder indictment at which Logan was defense counsel. The prosecutor interrupted Logan's opening to the jury. The trial court upheld the prosecutor's objection. The court's ruling was plainly correct. Logan nonetheless challenged the court's ruling at length, moved for a mistrial, and finally the following transpired, in the absence of the jury:

"Mr. Logan: Your Honor, I refuse to continue as counsel in this case under the circumstances, and I ask that someone else be appointed.

The Court: Your remarks will be on the record. I will bring the jury back and dismiss them for tonight, and give you the opportunity to reflect and announce your position with finality in the morning.

Mr. Logan: I would like to have a new trial so we can commence before a different judge and have a new opportunity to start this case under a different atmosphere.

The Court: You can re-address your remarks in the morning, Mr. Logan."

The court recessed until the next morning, when it announced that it had examined the transcript, that the motion for a mistrial was granted, and that defendant was guilty of contumacious conduct. Thereafter the formal judgment, here under review, was entered.

■■ The gravamen of the contempt was the stated refusal to continue with the trial. We think it clear that an unwarranted refusal to continue with a trial could support a finding of contempt. The obstruction is evident, and had defendant maintained that stance, a conviction would have been appropriate. But ordinarily an attorney should be permitted to retreat from such a position, and to that end the court should first order him to continue unless the circumstances make it plain that the obstruction cannot thereby be removed. Here the trial court correctly offered defendant a cooling-off period but did not inquire the next morning whether defendant remained adamant. Nor did the court order defendant to go ahead. Although defendant did not express his willingness to continue with the trial until after he was adjudged guilty, still the record does not affirmatively show that he had the opportunity to do so. Perhaps the trial court was moved to proceed with a contempt charge by other circumstances which do not appear. We know the trial court concluded that the attorney's actions jeopardized his client's right to a fair trial and granted the defense motion for a mistrial. Nonetheless, with respect to the contempt, we must conclude on the record before us that,. notwithstanding our disapproval of defendant's behavior, the conviction should be reversed.

■ We should add a further word on the adjective side. Although a contempt in the presence of the court may be dealt with at once, the judge having observed the offending conduct, *R. R.* 4:87–1, still the accused should ordinarily be informed of the charge and permitted to speak to it before guilt is adjudged. That course obviates possible controversy thereafter as to whether there was a misunderstanding or some material fact unknown to the court.

The judgment is accordingly reversed.

*For reversal*—Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—6.

*For affirmance*—none.